IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | CIVIL ACTION NO. 09-0655-WS-N |
| v. | ) | |
| | ) | CRIMINAL ACTION NO. 94-0199-WS-N |
| KENDRICK DESMOND GRAY. | ) | |
| | ) | |
| Defendant/Petitioner. | ) | |

REPORT AND RECOMMENDATION

This habeas action is before the court on the government's Motion to Dismiss (doc. 61),

filed January 8, 2010,  based on the one-year statute of limitations, 28 U.S.C. §2255(f).

Petitioner Kendrick Desmond Gray's habeas motion was filed more than one year after his

conviction became final.[1]  By order of January 8, 2010, (Doc. 62), the court set forth the

applicable standard and gave Petitioner Gray the opportunity to offer a factual basis and

argument for equitable tolling of the limitations period; Gray has not responded and the record is

thus devoid of any basis to find his filing to have been timely.[2]

Background

Petitioner Gray pleaded guilty and was sentenced in this court by judgment (doc. 21)

dated August 15, 1995, to 180 months imprisonment and a term of supervised release of five

years.  After his release from prison, his supervised release was revoked on June 25, 2008; the

---

[1]  This is so whether or not the court accepts the government's conclusion concerning the specific date on which the conviction became final.

[2]  The order set a response deadline of February 15, 2010.  The docket indicates that it was not returned to the court or was otherwise undeliverable.

1

judgment (doc. 55) was signed on July 11, 2009 and entered on the criminal docket sheet on July 14, 2008.  Gray was sentenced to 36 months imprisonment on the revocation of his supervised release term.

Gray did not file a timely appeal.  On July 29, 2008, the court denied his motion for extension of time to file his notice of appeal, finding that he had made a knowing decision within the ten-day appeal period that he did not wish to do so, but thereafter changed his mind.  (Doc. 57) Gray's judgment was thus final ten days after entry of the judgment on July 14, 2008.

Gray's § 2255 petition was filed on October 6, 2009, and contained a certificate stating that petitioner had mailed it on October 4, 2009, approximately two months after the one-year limitations period had expired.  (Doc. 59)

<u>Analysis</u>

The Anti-Terrorism and Effective Death Penalty Act of 1996, § 101(Supp. II 1997) ("AEDPA"), which became effective on April 24, 1996, provides that a petitioner has one year from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review" to file a federal habeas corpus petition.  28 U.S.C. § 2255(f).[3]  Thus, in order to be allowed to proceed, petitioner must demonstrate that the limitations period should be subject to equitable tolling.

The Eleventh Circuit has stated that AEDPA's one-year period

is a statute of limitations, not a jurisdictional bar.  Therefore, it permits equitable tolling "when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence."  <u>Sandvik v. United States</u>, 177 F.3d 1269[, 1271 (11th Cir. 1999)].  Equitable tolling is an extraordinary remedy which is typically applied sparingly.  <u>See</u> <u>Irwin v. Dept. Of</u>

---

[3]  No other starting date described in that statute appears to be applicable.

Veterans Affairs, 498 U.S. 89, 96, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990).

Steed v. Head, 219 F.3d 1298, 1300 (11th Cir. 2000).  *See also* Miller v. New Jersey State Dept. of Corrections, 145 F.3d 616, 618-19 (3rd Cir. 1998)("equitable tolling is proper only when the 'principles of equity would make [the] rigid application [of a limitation period] unfair.'... [g]enerally, this will occur when the petitioner has 'in some extraordinary way...been prevented from asserting his or her rights.'...[t]he petitioner must show that he or she 'exercised reasonable diligence in investigating and bringing [the] claims.'... [m]ere excusable neglect is not sufficient.").  Moreover, as a general rule in the Eleventh Circuit, "the 'extraordinary circumstances' standard applied in this circuit focuses on the circumstances surrounding the late filing of the federal habeas petition, rather than the circumstances surrounding the underlying conviction."  Helton v. Secretary of Dept. of Corrections, 259 F.3d 1310, 1314 (11th Cir.), *cert. denied*, 535 U.S. 1080, 122 S.Ct. 1965 (2002); Drew v. Department of Corrections, 297 F.3d 1278, 1286-87 (11th Cir. 2002).  To be entitled to equitable tolling, [petitioner] must show '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing."  Laurence v. Florida, 549 U.S. 327, 336 (2007), *quoting* Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); Holland, 539 F.3d at 1338.

In addition, the Eleventh Circuit *may* recognize an "actual innocence" exception to the AEDPA's one year statute of limitations.[4]  It is certainly clear that several other circuits have

---

[4]  *Cf.* Milton v. Secretary, Department of Corrections, 2009 WL 3150246 (11th Cir. October 1, 2009 ("We have not decided whether a showing of actual innocence creates an exception to the AEDPA's statute of limitations in order to prevent a possible violation of the Suspension Clause. To avoid answering that difficult constitutional question until necessary, we have held that before addressing whether the AEDPA's limitations period constitutes a violation of the Suspension Clause in the case of a claim of actual innocence, we should first consider whether the petitioner can show actual innocence.") (citations omitted); *see also* Taylor v.

recognized such an exception.  *See e.g.* <u>Souter v. Jones</u>, 395 F.3d 577, 602 (6th Cir. 2005)("[W]e hold that where an otherwise time-barred habeas petitioner can demonstrate that it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt, the petitioner should be allowed to pass through the gateway and argue the merits of his underlying constitutional claims."); <u>Flanders v. Graves</u>, 299 F.3d 974, 977 (8th Cir. 2002)("[A]ctual innocence, if it can be shown, opens the gate to consideration of constitutional claims on their merits, claims that would otherwise be procedurally barred.").   However, "in order to demonstrate actual innocence in a post-conviction proceeding, a petitioner must first 'support his allegations of constitutional error with reliable new evidence - whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence –that was not presented at trial." <u>Rankin v. Culliver</u>, ___ F.3d ___, 2009 WL 577735, *6 (S.D.Ala. Mar. 5, 2009), *quoting* <u>Schlup v. Delo</u>, 513 U.S. 298, 324 (1995).  "A petitioner must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." <u>Id</u>., *quoting* <u>Schlup</u>, 513 U.S. at 327.

Petitioner Gray has not responded in any manner to the court's order to show why his petition for habeas relief is not untimely.  In the absence of any evidence to support tolling of the limitations period, or any other argument for the timeliness of the instant habeas petition,  it is hereby RECOMMENDED that the government's motion to dismiss (doc.  61) be granted and

<u>Secretary, Dep't of Corrections</u>, 230 Fed. Appx. 944, 945 (11th Cir. 2007)("[W]e have never held that there is an 'actual innocence' exception to the AEDPA's one-year statute of limitations, and we decline to do so in the instant case because [the petitioner] has failed to make a substantial showing of actual innocence."); <u>U.S. v. Montagno</u>, 398 F.3d 1276, 1284 (11th Cir. 2005) ("Actual innocence is not itself a substantive claim, but rather serves only to lift the procedural bar caused by Appellant's failure to timely file his §2255 motion." ), *citing* <u>Bousley v. United States</u>, 523 U.S. 614, 622 (1998).

that Petititioner Gray's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C.
§2255 (doc. 62)  be dismissed with prejudice as untimely.

<u>Certificate of Appealability</u>

Pursuant to Rule 11(a) of the Rules Governing § 2255 Proceedings, the undersigned
recommends that a certificate of appealability in this case be denied. 28 U.S.C. foll. § 2255, Rule
11(a) ("The district court must issue or deny a certificate of appealability when it enters a final
order adverse to the applicant."). The habeas corpus statute makes clear that an applicant is
entitled to appeal a district court's denial of his or her habeas corpus petition only where a circuit
justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1). A certificate of
appealability may issue only where "the applicant has made a substantial showing of the denial
of a constitutional right." 28 U .S.C. § 2243(c)(2). Where, as here, a habeas petition is being
denied on procedural grounds without reaching the merits of an underlying constitutional claim,
"a COA should issue [only] when the prisoner shows ... that jurists of reason would find it
debatable whether the petition states a valid claim of the denial of a constitutional right and that
jurists of reason would find it debatable whether the district court was correct in its procedural
ruling." <u>Slack v. McDaniel</u>, 529 U.S. 473, 484, 120 S.Ct. 1595, 1604, 146 L.Ed.2d 542 (2000)
(emphasis added). Because, as previously established, Gray's § 2255 petition was presented
outside of Section 2255(f)'s one-year statute of limitations without any argument for equitable
tolling, reasonable jurists could not disagree with the undersigned's straightforward application
of the statute of limitations as barring Petitioner's current action.  Accordingly, it is the
recommendation of the undersigned that Petitioner is not entitled to a certificate of appealability.

*See* Magistrate Judge's Explanation of Procedural Rights, attached, for important

information on how to proceed.

      DONE and ORDERED this the 19th day of March, 2010.

                  /s/Katherine P. Nelson
                  **KATHERINE P. NELSON**
                  **UNITED STATES MAGISTRATE JUDGE**

MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

1. **Objection**. Any party who objects to this recommendation or anything in it must, within **fourteen (14) days** of the date of service of this document, file specific written objections with the clerk of court. Failure to do so will bar a de novo determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge. See 28 U.S.C. § 636(b)(1)(C); Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988); Nettles v. Wainwright, 677 F.2d 404 (5th Cir. Unit B, 1982)(en banc). The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten [now **fourteen**] days after being served with a copy of the recommendation, unless a different time is established by order. The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection. The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed de novo and a different disposition made. It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection. Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

(Emphasis added)  A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2. **Transcript (applicable where proceedings tape recorded)**. Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review. Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

/s/   Katherine P. Nelson

**UNITED STATES MAGISTRATE JUDGE**
